IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WILLIAM N. BEATY,<br><br>Plaintiff,<br><br>v.<br><br>LYNN GYER,<br><br>Defendant. | CV 20-84-H-CCL<br><br><br><br>ORDER |

Plaintiff William N. Beaty is a state pro se plaintiff attempting to file a civil action. See, (Docs. 1 & 1-1.) Beaty was advised that he would be required to either pay the filing fee or submit a motion to proceed in forma pauperis. (Doc. 3 at 1.) Beaty was also advised that his complaint violated Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim upon which relief could be granted. *Id.* at 2-6. He was provided 30 days within which to file an Amended Complaint. *Id.* at 7. Beaty has failed to respond to this Court's order.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

1

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier,* 191 F. 3d 983, 990 (9th Cir. 1999). Beaty has failed to file his amended pleading within the requisite timeframe. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza,* 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Beaty refuses to comply with the Court's orders. Beaty's case has consumed judicial resources and time

that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Beaty was provided with an explanation of the additional information the Court required and was afforded an adequate amount of time to prepare his amended pleading. Beaty failed to respond to the Court's order. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. Given Beaty's failure to respond to this Court's

order, no further resources should be expended. The Court will therefore dismiss this matter for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

Based upon the foregoing, IT IS HEREBY ORDERED:

1. This matter is dismissed. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that Beaty has failed to prosecute this matter and/or comply with the Court's orders.

DATED this 26th day of January, 2021.

Charles C. Lovell
Senior United States District Judge